# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **FAIROFFERCASHNOW, INC.,** | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **FAIROFFERCASHNOW, INC.,** | ) | **Case No. 3:24-bk-03495** |
| | ) | **Chapter 11** |
| Plaintiff, | ) | **JUDGE WALKER** |
| | ) | |
| v. | ) | **ADV. NO. 3:24-ap-900155** |
| | ) | |
| **JUSTIN CUTLER, and EQUITY** | ) | |
| **TRUST COMPANY,** | ) | |
| | ) | |
| Defendants. | ) | |

---

## SECOND AMENDED COMPLAINT

---

Plaintiff, Fairoffercashnow, Inc. ("FOCN," or "Plaintiff"), a debtor in Bankruptcy case no. 3:24-bk-03495 pending in the United States Bankruptcy Court for the Middle District of Tennessee, Nashville Division, by and through its undersigned counsel, for its Second Amended Complaint against Defendants Justin Cutler and Equity Trust Company, states as follows.

## I.    INTRODUCTION

1.    This is a commercial dispute for statutory damages between businesses concerning millions of dollars of commercial loans and illegally charged and collected interest.  Plaintiff brings this action for damages due to Defendants' violations of usury laws of the State of Tennessee on fifty-five (55) illegal loans and on two (2) loans in violation of the laws of the State of Florida, and, alternatively, multiple breaches of several contracts entered into amongst the

various parties. Specifically, Defendants have knowingly and systematically loaned money to Plaintiff at usurious rates and/or containing usurious fees in excess of the maximum legal rate of Tennessee law and in violation of Florida law. Alternatively, all or substantially all of the notes under which Defendants have loaned this money to the Plaintiff contain provisions requiring the repayment of unlawful, excess, and/or usurious interest and fees, but Defendants have breached these contracts by failing to repay any unlawful, excess, and/or usurious interest and fees to Plaintiff. Finally, Plaintiff seeks a declaratory judgment that the current loans (including any alleged security interest(s) and/or guaranties) that Defendant Cutler seeks to enforce are void and unenforceable as a matter of law.

## II.    PARTIES, JURISDICTION & VENUE

2.      FOCN is a corporation duly formed under the laws of the State of Tennessee. FOCN's principal place of business is 1508 Carl Adams Dr., #300, Murfreesboro, TN 37129.

3.      Plaintiff is in the business of investing in and developing residential real estate opportunities.

4.      Defendant Justin Cutler ("Cutler") is sole proprietor and resident of Davidson County, Tennessee.

5.      Cutler is a licensed Tennessee real estate agent and real estate investor. Most pertinent to the instant case, Cutler is in the business of making hard money loans to other real estate investors such as the Plaintiff.

6.      Defendant Equity Trust Company ("Equity Trust") is a foreign corporation formed under the laws of South Dakota and with its principal place of business located at 1 Equity Way, Westlake, OH 44415. Upon information and belief, Equity Trust is not authorized to do business in the State of Tennessee.

7.      Upon information and belief, Equity Trust oversees, administers and/or is the custodian of retirement accounts and on behalf of its accountholders Equity Trust makes illegal hard money loans to real estate investors such as the Plaintiff.

## III.     JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action by virtue of Defendants' removal of this action and its subsequent referral to this Court by the United States District Court for the Middle District of Tennessee, as Plaintiff is a debtor in bankruptcy and the claims made herein are assets of Plaintiff's bankruptcy estate.

9.      This Court has personal jurisdiction over all Defendants. Defendant Cutler is a resident of Davidson County and conducts business herein. Defendant Equity Trust has entered into contracts to be performed within this State concerning real estate located within this State and, upon information and belief, has investment customers, namely Cutler, located within this State and Davidson County and has loaned money in this county.

10.     This action arises from contracts, some of which were entered into in and/or substantially performed in Davidson County, Tennessee, and some of which involved real property located in Davidson County, Tennessee. Additionally, Defendant Cutler resides in Davidson County, Tennessee. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(B)(1) and (2).

## IV. FACTS

11.     Plaintiff is in the business of investing in real estate. To facilitate its business, Plaintiff invests in, acquires, and develops real estate through loans.

12.     Cutler is in the business of, amongst other things, real estate lending and making "hard money" loans to investors, developers, and other interested persons such as the Plaintiff.

Upon information and belief, Cutler claims to be a Real Estate Professional as that term is defined by the United States Tax Code and related IRS regulations.

13.     Hard money loans are short-term loans by persons or entities that are normally not regulated financial institutions and that sometimes require the borrower to use collateral to secure the loan. In a hard money loan in the real estate investment context, the borrower typically uses the investment property he or she intends to acquire, develop, and sell as the collateral.  Cutler has made hard money loans to the Plaintiff, most of which are purportedly secured by real property.

14.     Cutler is a Tennessee real estate licensee, investor, and hard money lender.

15.     Cutler has made various hard money loans to the Plaintiff.  Upon information and belief, Cutler has also made hard money loans to other third parties.

16.     In some instances, Cutler acted in concert with Equity Trust Company and utilized his retirement assets held by Equity Trust Company to facilitate the making of multiple illegal loans. In these arrangements, Equity Trust Company made illegal hard money usurious loans to one or more of the Defendants and a certain portion of the interest, fees, and costs were paid to Equity Trust Company, upon information and belief, for the benefit of Cutler and/or a purported retirement account for Cutler's benefit.  Also, Cutler and Equity Trust use the same attorney to represent them in defending against these illegal loans.  Upon information and belief, Cutler pays the dual representation attorneys to defend both Cutler and Equity Trust against the claims arising out of their illegal activities.

17.     Cutler has made and/or facilitated approximately fifty-seven (57) separate hard money loans and/or loan modifications to the Plaintiff, which commonly consist of documents such as the settlement statement for the closing of the loan, the promissory note, the deed of trust, and the loan purpose disclosure, collectively the "Loans". Upon information and belief, the

Defendants are in possession of all of the aforementioned documents that comprise the Loans. Some of the Loans were made by Equity Trust Company, ostensibly for the benefit of Cutler's retirement account administered by Equity Trust Company. Attached hereto as **<u>Exhibit A</u>** is a list of the Loans, which are all identified by the applicable real property in which the loan pertained to.

18. The Loans were all memorialized by written promissory notes (the "Notes," and each individually a "Note"). Upon information and belief, Cutler is in possession of copies of all of the Notes payable to him, and Equity Trust Company is in possession of the Notes (and/or modifications) payable to it at the direction of and for the benefit of Cutler.

19. Upon information and belief, Cutler prepared or otherwise selected and/or directed the drafter of the Notes as to the applicable terms in each of the Notes.

20. All of the Notes contained choice of law provisions, dictating which state law applied to the applicable Note. Most of the Notes specifically apply Tennessee law, as the Plaintiff and Cutler were residents of Tennessee when the Notes were executed. Two of the Notes specifically apply Florida law, as the real property that secures them is located in Florida.

21. All of the Loans were usurious and in violation of the state law applicable to them, meaning that the Notes required the payment of interest and other fees which were in excess of the then-existing legal statutory maximum rate for such interest and fees, and the Defendants charged and the Plaintiff paid such illegal amounts.

22. Under Tennessee law, pursuant to Tenn. Code Ann. § 47-14-112, the willful collection of usury is a Class A misdemeanor.

23.     Under Florida law, charging, taking or receiving interest above certain amounts can be either a misdemeanor or felony pursuant to Fla. Stat. § 687.071, and no loaning of money in violation of Florida's usury statute in Section 687.071 constitutes an enforceable debt.

24.     Upon information and belief, the Defendants knowingly charged collected usurious interest from the Plaintiff.

25.     Upon information and belief, the Defendants knowingly collected usurious interest from the Plaintiff.

26.     Upon information and belief, the Defendants willfully collected usurious interest from the Plaintiff.

27.     The interest rate on the face of each and every Note was no less than fifteen percent (15%) per annum, excluding other fees, which is and at all relevant times has been in excess of Tennessee's legal maximum statutory rate and is in violation of Florida law.

28.     In the overwhelming majority of cases of the Loans, the Defendants compounded the interest on these loans **daily**, meaning that the actual rate of interest charged was higher than the fifteen percent (15%) per annum rate contained on the face of the Notes.

29.     The Defendants also charged and received points of interest on each of the Loans which were usurious in nature that made the per annum effective rate of the Loans much higher than 15%. All of the Loans have a per annum effective rate above 15%.

30.     Some of the Loans had effective rates of interest of more than 100% per annum.

31.     Most of the time, if not every time, the Defendants charged three (3) "points" at the inception of the Loan, which was equal to 3% of the amount actually loaned, which was then "rolled" into the Note. For example, the Plaintiff would be borrowing $100,000.00 from Cutler, so Cutler would wire the applicable closing agent handling the closing of the transaction

$100,000.00, and the Plaintiff would get a net credit[1] of funds (aka "net funding") coming from Cutler of $100,000.00, but the Note would be made for $103,000.00. This scheme by Defendants resulted in the Defendants charging – and the Plaintiff paying – daily compounded interest on not only the original principal amount of $100,000, but also on the additional "points" that were charged. This scheme resulted in the Defendants collecting interest well in excess of the 15% interest rate (shown on the face of the Notes) on the amount actually loaned to them.

32. The Loans also all contain materially identical provisions requiring Defendants, as applicable, to not charge any excess interest and to cancel and refund any interest, service charges, points, or otherwise which were charged in excess of the legal statutory maximum to Plaintiff (this provision is typically referred to as the "Usury Refund Provision" or a "Usury Savings Provision").

33. Plaintiff has collectively paid hundreds of thousands of dollars in interest in excess of the legal statutory maximum rate (*i.e.*, usurious interest) to Defendants.

34. Since at least September of 2020, Cutler and (by association and affiliation with Cutler) Equity Trust knew that the interest rate that they were charging Plaintiff (and that Plaintiff was paying) was in excess of the usury limit in Tennessee, and, as applicable, Florida.

35. Upon information and belief, in or about August of 2019, another prolific hard money lender, Mary M. Wester, was sued in a separate action by other parties and has testified under oath that she advised Cutler that she had been sued for making usurious loans similar to the Loans that are the subject of the instant lawsuit and for which the Defendants made to the Plaintiff, which loans were made after 2019. In fact, the Defendants have the same attorney as Mary M. Wester defending them against the claims against them for their illegal activities.

---

[1] Typically, the "settlement statement" for the closing of the transaction would show a borrower credit of $103,000, with a debit of "points" to the lender of $3,000, for a net credit to the borrower (Plaintiff), of $100,000. However, the lender would only wire $100,000 to the closing agent. This is typically called "net funding."

36.    Upon information and belief, at all times relevant to the Loans, Defendants knew that they were charging and collecting interest and other fees that are in excess of the maximum legal rate and willfully and intentionally did so.

37.    In addition to the Usury Refund Provision, most, if not all, of the Notes also provide that in the event of default or other nonpayment the unpaid amount "shall bear interest at the highest rate allowed by law," which is a further indication that Defendants were well aware that Tennessee and Florida law provide for a maximum rate of interest and that they intended to and knowingly charged and collected usurious interest.

38.    Defendants' charging of and collection of usurious interest were knowing, intentional and willful violations of the laws of Tennessee and Florida.

39.    Because the applicable Loans were usurious (all are usurious on their face), the applicable Tennessee Notes are void and unenforceable as a matter of under Tennessee law. *See* Tenn. Code Ann. § 47-14-117(a). Moreover, Defendants' intentional conduct was unconscionable and therefore Defendants should not be permitted to recover any interest, loan charges, commitment fees, brokerage commissions or other amounts with respect to each such transaction. *Id.*, § 47-14-117(c)(1).

40.    Because Defendants' conduct was unconscionable, Plaintiff is also entitled to the recovery of double the amount of all interest paid by Plaintiff and collected by Defendants, plus its reasonable attorneys' fees, as to the Loans that are governed by Tennessee law. *See* Tenn. Code Ann. § 47-17-117(c)(1).

41.    Because Defendants' conduct was unconscionable and the loans on their face are illegal and unenforceable, Plaintiff is also entitled to an Order declaring that nothing is owed on any Loan that the Defendants claim to be outstanding and that any security interest related thereto

is void and unenforceable. Because Defendants' conduct was unconscionable and the loans on their face are illegal and unenforceable, Plaintiff is also entitled to an Order declaring that the amount of interest, fees, and other costs that the Defendants claim to be owed and/or charged is zero.

## V.    CAUSES OF ACTION
## COUNT ONE

## USURY AND EXCESSIVE LOAN CHARGES

42.    Plaintiff hereby incorporates all preceding allegations.

43.    Defendants have charged and collected usurious interest and other fees from Plaintiff.  Pursuant to Tennessee law and Florida law, as applicable, Plaintiff is entitled to recovery of all interest paid in excess of authorized interest and loan charges in an amount to be more fully proven at trial.

44.    Defendants have engaged in unconscionable conduct in transactions wherein they charged and collected usurious interest. By way of limited examples, Defendants intentionally violated Tennessee law by, *inter alia*, charging usurious interest and attempting to conceal their violation by including the Usury Refund Provision.   Further, due both to the nature of the interest rates on the faces of the Notes and given that Cutler was routinely compounding interest daily on not only the principal amount of what he loaned but also on points he charged, the overwhelming majority of the effective interest rates were more than twice the maximum lawful rate, and some were more than three times (or more) the lawful rate. Pursuant to the usury laws of the state for which law applies to the Loan/Note, Plaintiff is entitled to exemplary/statutory damages from the Defendants, plus reasonable attorneys' fees.   For example, under Tennessee law, Plaintiff is entitled to damages against the Defendants in an amount of twice the amount of all interest (usurious or otherwise) paid by the Plaintiff.

45.     Plaintiff has been damaged by Defendants' usurious lending and violations of Tennessee and Florida law.

46.     On the applicable Tennessee loans, Plaintiff is entitled to double the amount of all interest paid which will be more fully proven at trial, plus its reasonable attorneys' fees.

47.     Additionally, Plaintiff is entitled to prejudgment interest in an amount to be proven at trial and attorneys' fees.

**COUNT TWO**

**BREACH OF CONTRACT**
**(in the alternative)**

48.     Plaintiff hereby incorporates all preceding allegations.

49.     To the extent that the Defendants are not liable to Plaintiff for damages for usury violations and/or to the extent that the applicable Loan/Note is a valid or enforceable contract, each of the Notes contains a Usury Refund Provision requiring the cancellation and/or repayment of any usurious amounts paid to Defendants.

50.     Plaintiff made prior written demand for the cancellation and/or repayment of all usurious amounts paid to Defendants.

51.     To date, the Defendants have failed/refused to cancel and/or repay all usurious amounts paid to Defendants by Plaintiff.

52.     Therefore, Defendants have breached the respective Notes applicable to Plaintiff and/or Defendant by failing to pay all unlawfully excessive interest and other fees back to Plaintiff thereunder.

53.     Plaintiff has been damaged by Defendants' breaches in an amount to be proven at trial.

54.     Additionally, Defendants' breaches of the applicable contracts were knowing, intentional, willful, malicious, and/or reckless, without any legal excuse.

55.     Accordingly, Plaintiff is entitled to and respectfully also request punitive damages in the amount to be proven at trial but at least in the amount of $2,000,000.

## COUNT THREE

### (Declaratory Judgment)

56.     Plaintiff hereby incorporates all preceding allegations.

57.     The Loans that apply Tennessee law are all illegal and unenforceable pursuant to Tenn. Code Ann. § 47-14-117, as each one of the Loans requires the payment of usury "on its face."  The Loans that apply Florida law are also illegal and unenforceable.

58.     The Loans and/or Notes were purportedly secured through mortgages and/or deeds of trust, and some of the Loans were guaranteed by certain guaranty agreements.

59.     Because the Loans are illegal and unenforceable as a matter of law, any and all security interests associated with such Loans (*e.g.,* mortgages and/or deeds of trust purportedly securing the Loans, as well as any guaranty agreements related to the Loans) are also illegal, void and/or unenforceable.

60.     Plaintiff requests that this Court enter a judgment declaring that the Loans and all corresponding security interests associated with such Loans are void and unenforceable, that the Defendants are not owed any money from the Plaintiff on any of the Loans, and that any lien or other security interest of any kind that the Defendants attempt to claim against the Loans is also void and unenforceable and declared discharged.

61.     Plaintiff requests that this Court enter a judgment declaring that any guaranty agreements related to the Loans are void and unenforceable.

**COUNT FOUR**

**(Civil Conspiracy)**

62.     Plaintiff hereby incorporates all preceding allegations.

63.     Defendants had a common design, each having the intent and the knowledge of the other's intent, to accomplish by concerted action the unlawful purpose of collecting usurious interest and excessive loan charges.

64.     The Defendants engaged in multiple overt acts in furtherance of this common design.

65.     Plaintiff has suffered monetary damages as a result of the conspiracy.

66.     While Civil Conspiracy is not an independent cause of action, the Defendants are jointly and severally liable for all damages suffered by Plaintiff as a result of their conspiracy.

## VI.  PRAYER FOR RELIEF

Premises considered; Plaintiff respectfully requests this Honorable Court to grant them the following relief:

a.      Empanel a jury of twelve (12) persons to hear and decide all issues to the fullest extent permitted by law.

b.      That Defendants be required to answer this Second Amended Complaint within the time permitted by law;

c.      Award Plaintiff compensatory damages for excessive interest and other fees in an amount to be determined at trial;

d.      Award Plaintiff twice the amount of all interest collected by the Defendants and reasonable attorneys' fees pursuant to Tenn. Code Ann. § 47-14-117 on the Tennessee Loans and

an applicable amount of damages (statutory or otherwise) for all of the other Loans in an amount to be proven at trial, plus attorneys' fees;

e.      In the alternative, award Plaintiff compensatory damages for breach of contract in an amount to be determined at trial;

f.      Enter a permanent injunction prohibiting the Defendants from charging or collecting any unlawful debt, including reducing all outstanding interest, fees, costs, and other amounts on any pending loan to zero and reducing the applicable rate of all such amounts to zero;

g.      Award Plaintiff punitive damages in an amount to be proven at trial but not less than $2,000,000;

h.      Award Plaintiff prejudgment interest in an amount to be proven at trial;

i.      Declare that any current and outstanding Notes and/or Loans are unenforceable and any security instruments, liens, and/or guaranty agreements related to such Notes and/or Loans are likewise unenforceable and void;

j.      In the event that it is determined that the Defendants are owed any money pursuant to the Loans or otherwise, any such amount be set off by the amount of damages owed by the Defendants to the Plaintiff;

k.      Enter a judgment jointly and severally against the Defendants for all damages and attorneys' fees;

l.      Award Plaintiff its attorneys' fees and any further relief to which they may be entitled.

Respectfully submitted:


*s/ J. Brad Scarbrough*
J. Brad Scarbrough, BPR# 20980
Brandon A. Carnes, BPR# 41089
BuildLaw, PLC 4300 Sidco Dr., Ste. #200
Nashville, TN 37204
Phone: 615-369-9996
Fax: 615-515-4491
Email: brad@build.law
Email: brandon@build.law
*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Second Amended Complaint is being served upon all counsel of record via this Court's electronic case filing system as they are registered users of such system, on this the 28th day of January, 2025:

Phillip Young
Brian Boyd
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
phillip@thompsonburton.com
bboyd@thompsonburton.com


*s/ J. Brad Scarbrough*