# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| FAIROFFERCASHNOW, INC. <br><br> Debtor | Case No. 3:24-bk-03495 <br> Chapter 11 <br> Judge Charles M. Walker |
| FAIROFFERCASHNOW, INC. <br><br> Plaintiff, <br><br> v. <br><br> JUSTIN CUTLER, and <br> EQUITY TRUST COMPANY, <br><br> Defendants. | Adversary Proceeding <br> Case No. 3:24-ap-90155 |
| JUSTIN CUTLER, <br><br> Counter Plaintiff / Third Party Plaintiff <br><br> v. <br><br> FAIROFFERCASHNOW, INC., <br> BRADLEY SMOTHERMAN, and <br> CASEY SMOTHERMAN, <br><br> Counter Defendants / Third-Party Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS THIRD-PARTY COMPLAINT

Third-Party Defendants Bradley Smotherman ("Mr. Smotherman") and Casey Smotherman ("Mrs. Smotherman," and together with Mr. Smotherman, the "Smothermans") respectfully file this memorandum of law (this "Memorandum") in support of the *Motion to Dismiss Third-Party Complaint* (the "Motion to Dismiss").

## SUMMARY OF CASE

The genesis of this action is a suit commenced by a chapter 11 debtor, Fairoffercashnow, Inc. (the "Debtor-Plaintiff"). In the *Second Amended Complaint* (hereinafter, the "Operative Complaint"), the Debtor-Plaintiff (a) asserts claims of usury and excessive loan charges, breach of contract, and civil conspiracy, and (b) seeks declaratory relief against Justin Cutler ("Defendant Cutler") and Equity Trust Company. *See* Doc. No. 3.

With his Answer to the Operative Complaint, Defendant Cutler not only brought counterclaims against the Debtor-Plaintiff, but also attempts to bring third-party claims against Mr. Smotherman—a non-debtor—for breach of contract and fraudulent inducement. He also seeks to pierce the corporate veil of the Debtor to impose liability upon the Smothermans for the Debtor-Plaintiff's alleged breach of contract (collectively, the "Third-Party Claims"). *See* Doc. No. 6.

## SUMMARY OF ARGUMENT

Defendant Cutler has attempted to take on the role of Third-Party Plaintiff by improperly raising the Third-Party Claims against the Smothermans. Not only is the Third-Party Complaint procedurally improper, but this Court lacks subject matter jurisdiction over the claims also asserted therein. Yet, even if the Court could overlook the procedural impropriety *and* finds it has subject matter jurisdiction over these claims against the Smothermans, abstention remains appropriate under the circumstances.

The Smothermanss argument is threefold:

**First**, the Third-Party Complaint is improper as the Third-Party Claims are outside the scope of Fed. R. Civ. P. 14, made applicable hereto by Fed. R. Bankr. P. 7014.

**Second**, this Court lacks subject matter jurisdiction over the Third-Party Claims.

**Third**, even if this Court *could* have jurisdiction over the Third-Party Claims, it should decline to exercise the same.

For these reasons, and as further detailed herein, the Court should dismiss the Third-Party Complaint against the Smothermans and allow this case to continue between the only parties over which it has jurisdiction—the Debtor-Plaintiff and Defendant Cutler.

**ARGUMENT**

**A. The Third-Party Complaint is improper under Rule 14**

Fed. R. Civ. P. 14, made applicable hereto by Fed. R. Bank. P. 7014 (hereinafter, "Rule 14"), governs when a defendant may, as third-party plaintiff, serve a summons and complaint on a nonparty. Rule 14 limits the circumstances to when the nonparty is or may be liable to the defending party for all or part of the claim against the defending party.

The limited scope of Rule 14 is relevant here. Under this rule, a third-party complaint is not a vehicle by which a defendant can assert any claim against any other party in the same case. Rathe, it is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim. *See American Zurich Ins. Co. v. Cooper Tire & Rubber Co.,* 512 F.3d 800, 805 (6th Cir. 2008). That is, the third-party defendant's liability "must be derivative and must flow to the third-party plaintiff; mere liability by the third-party defendant to the plaintiff (as opposed to the third-party plaintiff) will not suffice." *In re Pompa*, 2013 WL 2286080, at *3 (Bankr. W.D. Pa. May 23, 2013) (citing *In re Swain,* 2010 WL 2812727 (Bankr. N.D. Ohio July 15, 2010). Claims for contribution, indemnity and subrogation are often the basis of third-party claims—a logical outcome given that these claims fall squarely within Rule 14's limited scope. *In re Swain,* 2010 WL 2812727 (Bankr. N.D. Ohio July 15, 2010). Merely arising out of the same transaction or occurrence, however, is not sufficient. *See American Zurich,* 512 F.3d at 805.

For a third-party complaint to be proper under Rule 14(a), the third-party's liability to the original dependent must be "dependent on the outcome of the [plaintiff's] main claim and [be]

secondary or derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988). The distinction between "dependent on" and "secondary or derivative thereto" the plaintiff's claim is not altogether clear, but courts agree that "[t]he crucial characteristic of a Rule 14 claim is that [a] defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *See id.* at 200. In other words, "Rule 14(a) is limited to claims in which the third-party plaintiff '**can show that if he is found liable to the plaintiff then the third-party defendant will be liable to him.**' *Doucette v. Vibe Records, Inc.,* 233 F.R.D. 117, 121 (E.D.N.Y. 2005) (bold emphasis supplied); *see also United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751-52 (5th Cir. 1967) ("Whichever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim."). For example, Rule 14(a) may allow a claim against a third-party defendant for indemnity, subrogation, or contribution. *See* Charles Alan Wright et al., 6 *Federal Practice and Procedure* § 1446 at 416-21 (3d ed. 2010). *Boddy v. Pourciau*, No. C18-1046JLR, 2019 WL 1979323, at *3 (W.D. Wash. May 3, 2019) (internal citations omitted).

Rule 14 applies in extraordinarily limited circumstances.[1] These limited circumstances are certainly not present here. There is simply no logical configuration where the Smothermans could be liable for the Debtor-Plaintiff's claims against Defendant Cutler.

This is illustrated through the claims brought against Defendant Cutler in the Operative Complaint. If Defendant Cutler is liable on the Debtor-Plaintiff's first claim—usury and excessive loan charges—it is axiomatic that the Smothermans, who are merely alleged to be guarantors on one or more the alleged illegal loans, could not be liable to Defendant Cutler thereon. The fundamental effect of the Debtor's success on such a claim is that the loans would be deemed

---

[1] *In re Pompa*, 2013 WL 2286080, at *3, citing 10 Collier on Bankruptcy ¶ 7014.03 (Alan N. Resnick 8b Henry J. Sommer eds., 16th ed.).

4

illegal, and therefore, uncollectable. A lender that is judicially barred from collecting on a loan due to its illegality cannot then collect against a guarantor for the same judicially declared illegal loan. Simply put, if Defendant Cutler is liable on the Debtor-Plaintiff's claims, there is no universe where the Smothermans could be responsible for any of that liability. Thus, Rule 14 does not authorize the third-party claim against the Smothermans. This alone warrants dismissal of the Third-Party Claims.

**B. This Court lacks subject matter jurisdiction over the Third-Party Claims.**

In the Operative Complaint, the Debtor-Plaintiff asserted that this Court has subject matter jurisdiction over the claims therein by virtue of Defendant Cutler's removal of a state court action to the United States District Court for the Middle District of Tennessee (the "District Court") and the District Court's subsequent referral to this Court. [*See* Compl., Doc. No. 3, at ¶¶ 8-9.]

The relevant jurisdictional statutes, 28 U.S.C. § 1334(a-b), provide that the federal district courts have "original and exclusive jurisdiction of all cases under title 11" and "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

This creates "four types of matters over which the district court has jurisdiction: (1) 'cases under title 11,' (2) 'proceedings arising under title 11,' (3) proceedings 'arising in' a case under title 11, and (4) proceedings 'related to' a case under title 11." *In re Wolverine Radio Co.*, 930 F.2d 1132, 1141 (6th Cir. 1991) (quoting 28 U.S.C. § 1334(a–b)). The first category refers to the bankruptcy petition itself. *Id*. Accordingly, the latter three categories define bankruptcy jurisdiction here: proceedings "arising under," "arising in," or "related to" a case under title 11. *Id*. at 1140–41.[2]

---

[2] See *Murray, et al. v. Wilkie Farr & Galagher, et al*., No. 2:23-CV-3457, 2025 WL 771586, at *2 (S.D. Ohio Mar. 11, 2025).

5

The Sixth Circuit has defined only the "related to" category in the jurisdictional context. "Related-to" jurisdiction exists where "the outcome of th[e] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Wolverine Radio*, 930 F.2d at 1142 (quoting *In re Pacor, Inc.*, 743 F.2d 984, 994 (3rd Cir. 1984). An "extremely tenuous connection" will not suffice. *Id*. The Sixth Circuit has defined the "arising in" and "arising under" categories when distinguishing between core and non-core proceedings. *See, e.g. In re Lowenbraun*, 453 F.3d 314, 320 (6th Cir. 2006). A core proceeding either "invokes a substantive right created by federal bankruptcy law" (arising-under) or "could not exist outside of the bankruptcy" (arising-in). *Id*. (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 482 (6th Cir. 1992)).

Here, the only possible basis for this Court's jurisdiction over the Third-Party Claims is "related to" jurisdiction, as such claims do not involve any rights specifically created by or provided for in Title 11. Furthermore, disputes concerning the Third-Party Claims do not involve the administration of the Debtor's estate. Rather the matters at issue in the Third-Party Complaint are limited to a situation where, <u>*if Defendant Cutler successfully defends*</u> the enforceability of the loan contracts that the Debtor contends are illegal, then Defendant Cutler would like to impose liability upon the Smothermans. But, as noted *supra*, a proper third-party complaint under Rule 14 requires the opposite—i.e., Defendant Cutler must argue that if *he is found liable* on the claims in the Operative Complaint, then the Smothermans would be liable to him. Because Defendant Cutler is not alleging that his liability on the claims would flow through to the Smothermans, he has not articulated a valid basis for the Third-Party Complaint. Despite whether Defendant Cutler is successful or unsuccessful in his litigation with the Debtor, his Third-Party Claims would have no conceivable effect on the bankruptcy estate. To the extent ***any*** effect could be articulated by

Defendant Cutler, it would be an "extremely tenuous connection" that would not suffice. *Wolverine Radio*, 930 F.2d at 1142.

The Sixth Circuit uses "the conceivable-effect test" when determining "related-to jurisdiction." *Autumn Wind Lending, LLC v. Est. of Siegel by & through Cecelia Fin. Mgmt., LLC,* 92 F.4th 630, 637 (6th Cir. 2024); *see*, also, *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995)) (concluding that a proceeding is within a bankruptcy court's related-to jurisdiction only if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy").

A finding of no related-to jurisdiction ends the § 1334(b) jurisdictional inquiry when "neither arising-under nor arising-in jurisdiction is implicated." *Autumn Wind,* at 637. *See also Wolverine Radio Co.*, 930 F.2d at 1140–45 (endorsing a narrow view of bankruptcy courts' jurisdiction, holding that "the bankruptcy court's jurisdiction over a case involving nondebtors [is] to be determined solely by 28 U.S.C. § 1334(b)").

Consider the potential outcomes of the claims in the Operative Complaint, and then applying the impact of the Third-Party Claims thereupon further illustrates that they have no conceivable effect on the bankruptcy estate. The claims in the Operative Complaint will largely result in one of two outcomes, either:

1. The Debtor is successful and the complained of loans are not enforceable and Defendant Cutler is liable for usury damages and attorneys' fees, or
2. The Debtor is unsuccessful and the complained of loans are enforceable.

In the first scenario, the unenforceable loans would inherently be unenforceable against the Smothermans. Thus, the Third-Party Claims would have no effect on the estate being administered in bankruptcy.

Likewise, even in the second scenario, the loans would be enforceable against the estate and whether the Smothermans are liable thereon as guarantors or otherwise would still have no effect on the estate being administered in bankruptcy.

Because the Sixth Circuit's test for "related-to" jurisdiction shows that the outcome on the Third-Party Claims would not have any conceivable effect on the estate being administered in bankruptcy, this Court lacks jurisdiction over the Third-Party Complaint.

**C. Even if this Court were to have subject matter jurisdiction over the Third-Party Claims, abstention would still be warranted.**

Pursuant to 28 U.S.C. § 1334(c)(2), when a party to a proceeding based upon state law claims or causes of action, related to but not arising under title 11 or arising in a case under title 11, and where the cause of action has no federal jurisdiction other than through § 1334, the Court *shall* abstain from hearing such proceeding if it can be timely adjudicated in a state forum of appropriate jurisdiction. Accordingly, the Smothermans assert that: (i) the only basis that could be conceivably asserted for federal jurisdiction over the Third-Party Claims is the "related to" provision in § 1334(b); (ii) in the absence of such "related to" jurisdiction, Defendant Cutler could not have brought the Third-Party Claims in federal court, and (iii) the Third-Party Claims can be timely adjudicated in a state forum of appropriate jurisdiction. Accordingly, mandatory abstention under § 1334(c) is warranted as to the Third-Party Claims.

## CONCLUSION

The Court should dismiss the Third Party Complaint against the Smothermans because of its impropriety under Rule 14; and because the Court lacks subject matter jurisdiction over the Third-Party Claims. Moreover, even if the Court could (a) overlook the fatal procedural flaws of the Third-Party Complaint, and (b) find subject matter jurisdiction (which does not exist), mandatory abstention under § 1334(c)(2) is appropriate.

Respectfully Submitted,

*/s/ Gray Waldron*
Gray Waldron
DUNHAM HILDEBRAND PAYNE WALDRON, PLLC
9020 Overlook Boulevard, Suite 316
Brentwood, TN 37027
629.777.6519
gray@dhashville.com
*Counsel for Third-Party Defendant, Casey Smotherman*

# CERTIFICATE OF SERVICE

The undersigned certifies that on March 17, 2025, a copy of the foregoing was sent to the parties as indicated below:

**Via First Class Mail and Email to**:

Phillip G. Young, Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008 (Telephone)
phillip@thompsonburton.com
*Counsel for Defendant Justin Cutler*

J. Brad Scarbrough
Brandon A. Carnes
BuildLaw, PLC
4300 Sidco Dr., Ste. #200
Nashville, TN 37204
Email: brad@build.law
Email: brandon@build.law
*Counsel for Plaintiff FOCN*

Jay R. Lefkovitz
Lefkovitz & Lefkovitz, PLLC
908 Harpeth Valley Place
Nashville, TN 37221
Email: jlefkovitz@lefkovitz.com
*Attorney for Debtor (in Chapter 11 Case)*

*/s/ Gray Waldron*
Gray Waldron